## Dey and others *vs.* Dey and others.

Bill to restrain purchaser of a mortgage from a trustee from using and misapplying trust funds. The answer formally denied the facts, but injunction continued till final hearing, on the ground that the purchaser had knowledge of circumstances which should have excited his suspicion, and put him upon inquiry.

This was a motion to dissolve an injunction. Argued upon bill and answer.

Dey *v.* Dey.

*Mr. I. W. Scudder* for motion.

*Mr. Borcherling,* contra.

THE CHANCELLOR.

The defendant, James R. Dey, assigned to the defendant, Foster, a bond and mortgage for $7000, which he held in trust for the complainants as surviving trustee, under a trust declared in a deed to him and Jacob C. Dey, for the benefit of the complainants. The mortgage was held as the residue of the proceeds of the trust estate directed to be invested for the benefit of the complainants. The bill charges that James R. Dey assigned the mortgage to Foster for a precedent debt, and that Foster took it by fraud and collusion with him, and that James R. Dey appropriated the proceeds to his own use, and shortly after became bankrupt, and was discharged under the bankrupt law; and charges the assignment to be a fraud on the estate.

Dey has not answered. Foster in his answer denies that the mortgage was taken for a precedent debt, or that he knew that Dey was insolvent, or that he intended to appropriate or misapply the money. He denies the charge that he was connected in business with Dey, but admits that he had for years occupied the same office with him, and had been his agent for the sale of fertilizers manufactured by him.

The answer seems to contain formal denial of the facts relied upon and required to make a purchaser from a trustee liable for his misapplication of the trust funds. But it admits knowledge that Dey held this as trustee and surviving trustee, and that the transfer was made shortly after the death of the co-trustee, and before his representatives had executed the assignment to Dey supposed to be necessary. There are many circumstances that should have excited his suspicion, and put him upon inquiry. The fact of the sale of a trust mortgage at a deduction from its face, for the difference of the rate of interest, was suspicious, and should have caused inquiry. These circumstances, with the fact that Dey has not answered

the bill, are sufficient to make the case a proper one in which the court should exercise the discretion vested in it to retain the injunction until the hearing.

The motion is denied.